UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                       Plaintiff,

v.                                       Criminal Action No. 3:17-cr-127-DJH

HASSAN HENRY,                                            Defendant.

\* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Defendant Hassan Henry pleaded guilty to being a felon in possession of a firearm. (Docket No. 31; *see* D.N. 1) In preparing the presentence investigation report, the U.S. Probation Office concluded that Henry qualified as an armed career criminal based on four of his prior convictions. Two of those convictions were disputed: Henry argued that his convictions for Florida robbery and Kentucky second-degree robbery were not "violent felon[ies]" within the meaning of the Armed Career Criminal Act (ACCA). (D.N. 33, 44) The Court heard argument during the sentencing hearing on December 10, 2018. Consistent with its ruling on the record of that hearing, the Court issues this Memorandum Opinion to further explain its conclusion that the ACCA does not apply here.

**I.**

Under the ACCA,

[t]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

    (i)      has as an element the use, attempted use, or threatened use of physical force against the person of another; or

1

    (ii)  is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). Because robbery is not an enumerated offense and the statute's residual clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") has been held unconstitutional by the United States Supreme Court, *Johnson v. United States*, 135 S. Ct. 2551 (2015), only the use-of-force prong is at issue here.

  To determine whether an offense "has as an element the use, attempted use, or threatened use of physical force against the person of another," the Court applies the categorial approach, looking not to the facts underlying the conviction but instead to the "statutory definition of the state offense," as well as state courts' interpretation of that offense. *Perez v. United States*, 885 F.3d 984, 987 (6th Cir. 2018); *see id.* at 989 (examining state courts' interpretation of New York robbery); *Johnson v. United States*, 559 U.S. 133, 138 (2010) ("We are . . . bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements of [the Florida statute at issue]."). The Supreme Court has explained that in the ACCA context, "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person. *Johnson*, 559 U.S. at 140 (citation omitted); *see id.* ("Even by itself, the word 'violent' in § 924(e)(2)(B) connotes a substantial degree of force. When the adjective 'violent' is attached to the noun 'felony,' its connotation of strong physical force is even clearer." (internal citations omitted)). A prior conviction qualifies as a violent felony only if "the least forceful conduct generally criminalized under the statute . . . . involves violent physical force." *Perez*, 885 F.3d at 987. Here, neither conviction qualifies.

## II.

**A.     Florida Robbery**

The parties appeared to agree that Henry was convicted under Fla. Stat. § 812.13. (*See* D.N. 33, PageID # 95-96; D.N. 43, PageID # 158)  At the time of Henry's conviction in 1992, that statute defined robbery as

> the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1).

The United States acknowledged in its sentencing memorandum that *any* degree of force is sufficient to support a conviction for robbery under Florida law so long as it is enough to overcome the victim's resistance.  (D.N. 43, PageID # 158-59)  Henry likewise cited several Florida cases in which robbery convictions were affirmed where the force involved was minimal. (D.N. 33, PageID # 96-97 (citing, *inter alia*, *Hayes v. Florida*, 780 So. 2d 918, 919 (Fla. Dist. Ct. App. 2001) (defendant "bumped" victim with his shoulder); *McCloud v. Florida*, 335 So. 2d 257, 258-59 (Fla. Dist. Ct. App. 1976) (defendant engaged in tug-of-war with victim over victim's purse); *Adams v. Florida*, 295 So. 2d 114, 116 (Fla. Dist. Ct. App. 1974) (defendant snatched victim's purse while running through alley)))  This Court is bound by the Florida courts' "determination of the elements" of the statute in question. *Johnson*, 559 U.S. at 138. Because "[t]he degree of force used is immaterial" for purposes of Florida robbery, *Johnson v. Florida*, 612 So. 2d 689, 691 (Fla. Dist. Ct. App. 1993) (citation omitted), the offense does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i); *see Johnson*, 559 U.S. at 140; *cf. United States v. Yates*, 866 F.3d 723, 732 (6th Cir. 2017) (concluding that Ohio robbery did not constitute crime of

violence for purposes of U.S.S.G. § 4B1.2(a)(1) where statute in question "ha[d] no explicit requirement of violent force[] and Ohio caselaw indicate[d] that a defendant can be convicted of robbery based on a showing of nonviolent force, such as the force inherent in a purse-snatching incident or from bumping against an individual"). Henry's Florida robbery conviction thus is not a "violent felony" under the ACCA.

**B.    Kentucky Second-Degree Robbery**

Although there is considerably less precedent to aid in interpreting the Kentucky statute, the result is the same. Under Kentucky law,

> [a] person is guilty of robbery in the second degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft.

Ky. Rev. Stat. § 515.030(1). For purposes of this statute, "'[p]hysical force' means force used upon or directed toward the body of another person." Ky. Rev. Stat. § 515.010.

There is a dearth of Kentucky caselaw discussing the level of force necessary to sustain a conviction for second-degree robbery under § 515.030(1). As in Florida, however, the offense of robbery in Kentucky has long required only that "force which is sufficient to take the property against the owner's will." *Jones v. Commonwealth*, 66 S.W. 633, 634 (Ky. 1902) (quoting *Commonwealth v. Davis*, 66 S.W. 27 (Ky. 1902)) (collecting cases and finding sufficient "violence or force" to sustain robbery conviction where evidence showed that pocketbook was "snatch[ed]" out of victim's hand). In other words, "[i]t is not so much the extent and degree of violence which makes the crime as the success thereof." *Id.* (quoting *Davis*, 66 S.W. 27). Robbery convictions have therefore been upheld where the defendant merely snatched a purse or money from the victim's hand. *See, e.g.*, *Boger v. Commonwealth*, No. 2004-CA-000659-MR, 2005 Ky. App. Unpub. LEXIS 576, at *6 (Ky. Ct. App. July 22, 2005) (rejecting defendant's

4

argument that "the act of grabbing an inanimate object, such as a purse," could not constitute "use of force" for purposes of § 515.030 (citing *Davis*, 66 S.W. 27)); *Stockton v. Commonwealth*, 101 S.W. 298, 299 (Ky. 1907) (finding force requirement satisfied where appellant "snatched" $10 bill from victim's hand and noting that "the felonious taking of property from a person against his will, by force or violence, *however slight*, constitutes the offense [of robbery]" (emphasis added)).

The government pointed to the Sixth Circuit's decisions in *United States v. Ingram*, 733 F. App'x 812 (6th Cir. 2018), and *United States v. Elliott*, 757 F.3d 492 (6th Cir. 2014), in support of its argument that § 515.030's requirement of "physical force" satisfies the ACCA. (D.N. 43, PageID # 160-61) In *Elliott*, the Sixth Circuit held that facilitation of first-degree robbery under Kentucky law constitutes a violent felony for purposes of the ACCA, 757 F.3d at 496; in *Ingram*, the court clarified that "although not contested, a predicate and necessary ruling in *Elliott* was that first-degree robbery is a violent felony." 733 F. App'x at 815.

In neither *Elliott* nor *Ingram* did the Sixth Circuit specify which portion of the first-degree robbery statute satisfied the ACCA. That statute provides:

> A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:
>
> (a) Causes physical injury to any person who is not a participant in the crime; or
>
> (b) Is armed with a deadly weapon; or
>
> (c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

Ky. Rev. Stat. § 515.020(1). According to the United States, because the statutes for first- and second-degree robbery both contain "element[s] of force," both offenses are violent felonies.

5

(D.N. 43, PageID # 160; *see id.*, PageID # 161)  This argument ignores *Johnson*'s requirement that to be a violent felony, an offense must have as an element "*violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140.  The aggravating factors set out in § 515.020(a)-(c) satisfy this requirement; mere "force used upon or directed toward the body of another person" does not.  § 515.010; *see Boger*, 2005 Ky. App. Unpub. LEXIS 576, at *6.  Thus, Kentucky second-degree robbery does not qualify as a violent felony for purposes of the ACCA.

December 10, 2018

**David J. Hale, Judge**
**United States District Court**